UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Walter Steele</u>

        v.                              Civil No. 14-cv-350-JD
                                        Opinion No. 2014 DNH 200
<u>Deutsche Bank National</u>
<u>Trust Company, Trustee</u>


O R D E R


        Walter Steele brought an action in state court against
Deutsche Bank National Trust Company to enjoin the foreclosure
sale on his home and seeking damages on claims of breach of
contract, negligent misrepresentation, and breach of the covenant
of good faith.  On August 1, 2014, the state court granted
Steele's ex parte petition to temporarily enjoin the foreclosure
sale, and a hearing was scheduled for August 11, 2014.  Deutsche
Bank removed the case to this court on August 8, 2014, and on the
same date filed a notice in this court of the pending hearing in
state court.[1]

        On August 28, 2014, Deutsche Bank filed a document titled
"Opposition to Plaintiff's Verified <u>Ex Parte</u> Petition to Enjoin
Foreclosure Sale and Complaint for Damages and Request for the
Opportunity to be Heard."[2]  In the opposition, Deutsche Bank
asked the court to deny Steele's petition to enjoin the

_____

        [1]In response to removal of the case, the state court hearing
was canceled.

        [2]The "Opposition" is docketed as "Objection to 1 Notice of
Removal-New Case."  Because Deutsche Bank filed the Notice of
Removal, that entry appears to be an error.

foreclosure sale and to "dissolve any remaining temporary restraining order that may currently exist in this matter."[3] Deutsche Bank also asked the court to schedule a hearing on the petition for a temporary restraining order.  Steele did not respond to the "Opposition."  Deutsche Bank has not filed an answer or a motion to dismiss.

I.  Opposition

The Federal Rules of Civil Procedure govern a case removed from state court.  Fed. R. Civ. P. 81(a).  Defenses to the complaint are to be asserted in a responsive pleading or, if applicable, in a motion to dismiss under Federal Rule of Civil Procedure 12(b).  In addition, a request for relief or any action by the court must be filed as a motion.[4]  See LR 7.1(a). Therefore, because Deutsche Bank's "Opposition" is not in compliance with the Federal Rules of Civil Procedure and the Local Rules in this district, it cannot be considered.[5]

---

[3]In addition to addressing the temporary injunction issue, Deutsche Bank's "Opposition" challenges Steele's request for preliminary injunctive relief.

[4]Deutsche Bank is represented by counsel and, therefore, is not entitled to any leniency that might be afforded a pro se party.

[5]In addition, to the extent the "Opposition" seeks to terminate the temporary restraining order, it appears that the temporary restraining order granted by the state court on August 1, 2014, has expired.  See Super. Ct. R. 48(a); Fed. R. Civ. P. 65(b)(2); Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 440 n.15 (1974); Wargelin v. Bank of Am., N.A., 2013 WL 5587817, at *4 (E.D. Mich. Oct. 10, 2013).

II.  <u>Default</u>

"A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest" of three periods provided in Rule 81(c)(2).  The three periods are twenty-one days after receiving a copy of the complaint or petition, twenty-one days after being served with the summons, and seven days after the notice of removal was filed.  Fed. R. Civ. P. 81(c)(2).  When a defendant does not plead or defend within the time allowed, default shall be entered.  Fed. R. Civ. P. 55(a).

According to the state record, Deutsche Bank was served with the summons in this case on August 4, 2014, which would make the deadline for Deutsche Bank's answer August 25, 2014.  The notice of removal was filed on August 8, 2014, which would make the deadline August 15, 2014.  Therefore, the longer period is calculated from the date the summons was served, making the deadline August 25, 2014.

Deutsche Bank did not file an answer or a motion under Federal Rule of Civil Procedure 12(b) before August 25, 2014. Therefore, Deutsche Bank is in default.

<u>Conclusion</u>

For the foregoing reasons, the defendant's "Opposition to Plaintiff's Verified <u>Ex Parte</u> Petition to Enjoin Foreclosure Sale and Complaint for Damages and Request for the Opportunity to be

Heard," docketed as "Objection to 1 Notice of Removal," (document no. 5) is struck.

The clerk of court shall enter the defendant's default.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

September 23, 2014

cc:  Jessica Suzanne Babine, Esq.
     Peter G. McGrath, Esq.