UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Walter Steele

    v.                                    Civil No. 14-cv-350-JD
                                              Opinion No. 2014 DNH 261
Deutsche Bank National
Trust Company, as Trustee
of the Residential Asset
Securitization Trust 2005-A11CB,
Mortgage Pass-Through Certificates,
Series 2005-K Under the Pooling
and Servicing Agreement
Dated September 1, 2005


O R D E R


Walter Steele brought suit in state court, seeking an injunction against Deutsche Bank National Trust Company to stop foreclosure proceedings against Steele's home and bringing three claims for damages.  Deutsche Bank removed the case to this court.  After an initial misstep that resulted in default being entered against it, Deutsche Bank filed a motion to dismiss.  Steele asked for an extension of time to respond because the parties were discussing a mortgage modification, and the request was granted.  The parties did not file a status report by November 24, 2014, as they were required to do, and Steele did not file a response to the motion to dismiss.[1]

---

[1]Steele is represented by counsel.  The clerk's office sent an email to counsel on December 1, 2014, requesting information on the status of the case.  Counsel for Deutsche Bank responded that she had been unable to reach Steele's counsel to discuss the case but understood based on previous communications that the case would not be resolved and would proceed.  The court has received no communication from Steele's counsel.

Standard of Review

In considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted."  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (internal quotation marks omitted).  The properly pleaded factual allegations in the complaint are accepted as true.  Id.  Statements that merely provide legal conclusions or the bare elements of a cause of action, without supporting facts, are not properly pleaded allegations and must be ignored.  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).

Background

The background information is provided in accordance with the Rule 12(b)(6) standard.

The operative complaint is Steele's verified ex parte petition to enjoin the foreclosure sale of his home and complaint for damages.  The state court granted Steele's request for temporary ex parte relief on August 1, 2014, and temporarily enjoined the foreclosure sale of his home.  A hearing was scheduled in state court for August 11, 2014, but the case was removed to this court on August 8, 2014.

In state court, Steele sought an injunction based on the Home Affordable Modification Program ("HAMP") and argued that it would cause him irreparable harm to lose his home.  He brought

three claims for damages:  Breach of Contract, Count I; Negligent Misrepresentation, Count II; and Breach of the Covenant of Good Faith and Fair Dealing, Count III.  Steele alleged few facts to support his claims, and those are summarized here.

The property subject to foreclosure by Deutsche Bank is Steele's primary home.  As recently as the middle of July, 2014, "[w]hile in the process of gathering the documents to proceed with pursuit of the modification," Steele received a call from a representative of Deutsche Bank "and got 'the run around.'"  Soon after, Steele "was told that someone may be interested in buying the home on a short sale."  Steele is "sick and elderly and it would be an extreme hardship to lose the property that he occupies."

In support of the breach of contract claim, Steele alleges that Deutsche Bank has not produced the "original note," that "the photocopy is endorsed in blank," and that Deutsche Bank "is not even a 'holder.'"  Steele states, generally, that "[t]he parties have entered into an agreement regarding financing pursuant to the terms of their mortgage, and an original mortgage agreement and other contracts."  Steele alleges that Deutsche Bank "was required to follow the federal and New Hampshire underwriting and closing requirements."  Steele contends that Deutsche Bank breached the agreement by failing to recognize and credit payments, by "failing to perform," by failing to honor "verbal promises," and by moving toward foreclosure after promising not to foreclose.

Steele alleges negligent misrepresentation based on Deutsche Bank's "duty to be honest and provide truthful representations." Steele contends that Deutsche Bank breached its duty by misleading Steele and by failing to adequately communicate with him.  He contends that Deutsche Bank promised to provide an accounting and promised to identify the location of the note and other documents but failed to do so.

## Discussion

Deutsche Bank moves to dismiss the claims on the grounds that they are inadequately pleaded and fail to state viable causes of action.  Steele did not object or otherwise respond to the motion to dismiss.

A.  Injunction

Steele seeks an injunction to stop the foreclosure sale of his home.  Under New Hampshire law, "[t]he issuance of injunctions, either temporary or permanent, has long been considered as an extraordinary remedy."  N.H. Dep't of Envtl. Servs. v. Mottolo, 155 N.H. 57, 63 (2007).  To obtain an injunction, a party must show that there is an immediate danger of irreparable harm to him, that no adequate remedy at law exists, and that he is likely to succeed on the merits of his claims.  Id.

Steele argues that the foreclosure sale should be stopped to allow him an opportunity to pursue a modification of his mortgage

under HAMP.  Steele has now had ample opportunity to pursue a modification of his mortgage, including the additional time allowed after Deutsche Bank moved to dismiss his claims.  He has not updated the factual circumstances pertaining to his efforts to obtain a modification nor responded to the motion to dismiss.  Therefore, Steele has not provided a showing to support the elements necessary for an injunction.

In addition, courts have not found a private right of action under HAMP.  MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 491-92 (1st Cir. 2013); Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 237 n.10 (1st Cir. 2013); Frangos v. Bank of Am., N.A., 2014 WL 3699490, at *4 (D.N.H. July 24, 2014).  HAMP does not support Steele's request for an injunction, and for the reasons that follow, Steele cannot proceed on his claims for damages.


B.   Breach of Contract

Breach of contract occurs when a party fails to perform any promise that "forms the whole or part of a contract" without legal excuse.  Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 668 (2013) (internal quotation marks omitted).  Steele's allegations identify "an agreement regarding financing pursuant to the terms of their mortgage, and an original mortgage agreement," along with "other contracts."  He provides no specifics about the contracts at issue or the terms of the contract or contracts that he alleges were breached.

Steele states that "[a]s part of the agreement, [Deutsche Bank] was required to follow the federal and New Hampshire underwriting and closing requirements" but does not allege what those requirements are or which agreement incorporated those requirements.  He states that Deutsche Bank breached the agreement to follow underwriting and closing requirements by failing to recognize and credit payments, by promising not to foreclose and then moving to foreclose, and "in other ways," but provides no specifics about those actions or inactions.  He also states that Deutsche Bank "failed to perform properly" and "failed to honor verbal promises, . . . among other things" without any facts pertaining to what happened.

Such vague, meager, and conclusory allegations do not state a claim for breach of contract.  See, e.g., Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014); United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). In response to Deutsche Bank's motion to dismiss, Steele had the opportunity to amend his complaint to provide the missing facts or, at a minimum, he could and should have filed a response to the motion.  He did neither.  The deficient claim for breach of contract is dismissed.

C.  Negligent Misrepresentation

The elements of a negligent misrepresentation claim "are a negligent misrepresentation of a material fact by the defendant and justifiable reliance by the plaintiff."  Wyle v. Lees, 162

6

N.H. 406, 412 (2011).  "It is the duty of one who volunteers
information to another not having equal knowledge, with the
intention that he will act upon it, to exercise reasonable care
to verify the truth of his statements before making them."  Id.
The economic loss doctrine, however, precludes a contracting
party from a tort recovery for purely economic loss unless the
defendant owed him a duty that is independent of the contract
relationship.  Id. at 410.

Deutsche Bank argues that the negligent misrepresentation
claim is barred by the economic loss doctrine.  Steele alleges,
in support of his negligent misrepresentation claim, that
Deutsche Bank "had a duty to be honest and provide truthful
representations," that Deutsche Bank "breached its duty by
misleading [Steele] and failing to adequately communicate," and
that Deutsche Bank "promised to provide the accounting, the
physical location of the Note and other documents and failed to
comply."  Steele also states that he relied on the representa-
tions and that he was misled "when [Deutsche Bank] made numerous
material promises and failed to perform."

Steele's negligent misrepresentation claim fails due to the
lack of supporting factual allegations.  In addition, as Deutsche
Bank contends, the general representations Steele raises are
promises and statements that are related to the mortgage
relationship.  As such, the economic loss doctrine bars Steele
from recovering on his claim of negligent misrepresentation.

D.   Good Faith and Fair Dealing

     "In every agreement, there is an implied covenant that the
parties will act in good faith and fairly with one another."
Birch Broadcasting, Inc. v. Capitol Broadcasting Corp., Inc., 161
N.H. 192, 198 (2010).   While New Hampshire recognizes three
categories of covenants, which serve different functions, the
most applicable in the circumstances of this case appears to be
the "limitation of discretion in contractual performance."   Id.
That category "prohibit[s] behavior inconsistent with the
parties' agreed-upon common purpose and justified expectations as
well as with common standards of decency, fairness and
reasonableness."   Id. (internal quotation marks omitted).

     Deutsche Bank contends that Steele lacks factual allegations
to support his claim.   In support of the claim, Steele alleges
that Deutsche Bank "had an implied duty to act in good faith and
deal fairly with [him]" and "a duty to be honest, fair and act in
good faith with [him]."   Steele then states that Deutsche Bank
breached the duty, causing Steele to lose the benefit of a
modification, apparently meaning a modification of his mortgage
agreement, and causing the likelihood of losing his home.

     Steele's allegations in the complaint simply restate in
conclusory fashion elements of the claim, without providing any
facts "to remove the possibility of relief from the realm of
conjecture."   Lydon, 770 F.3d at 53 (internal quotation marks
omitted).   Such conclusory pleading is insufficient to avoid

dismissal under Rule 12(b)(6).  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009).  The claim is dismissed.


### Conclusion

For the foregoing reasons, the defendant's motion to dismiss

(document no. 12) is granted.  All claims in the complaint are

dismissed.

The clerk of court shall enter judgment accordingly and

close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge

December 17, 2014

cc:  Peter G. McGrath, Esq.
     Jessica Suzanne Babine, Esq.